**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW KINSMAN** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:12-1952** |
| **v** | : | |
| | | **(JUDGE MANNION)** |
| **OSRAM SYLVANIA, INC.** | : | |
| **Defendant** | : | |

## MEMORANDUM

Matthew Kinsman is a former employee of Osram Sylvania, Inc., and worked for them for a period of approximately 27 years between 1977 and 2004. In April 2004, he became disabled and he applied for disability benefits under Osram Sylvania's benefits plan governed by the Employee Retirement Income Security Act (ERISA). After a previous ERISA claim was settled, Mr. Kinsman sent a letter to the defendant requesting reimbursement for certain medical bills. On March 25, 2009, Osram Sylvania's counsel responded, claiming that Mr. Kinsman was no longer a participant in the plan as of May 31, 2007. This letter was received and acknowledged by Mr. Kinsman's counsel on March 30, 2009.

The parties have filed cross-motions for summary judgment. The court finds that the plaintiff's claim is barred by the applicable Pennsylvania statute of limitations. For that reason, the defendant's motions will be **GRANTED** and the plaintiff's motion is **DENIED**.

## I.     FACTUAL BACKGROUND

Before the court proceeds to the factual background of this case, the plaintiff, Matthew Kinsman, has failed to file a brief in opposition to the defendant's motion for summary judgment.[1] (Doc. 15). Moreover, the plaintiff has failed to file a concise statement of facts in response to the defendant's statement of material facts. (Doc. 16). After the plaintiff filed his original statement of facts in support of his motion for summary judgment, (Doc. 22), the defendant filed a motion to strike the plaintiff's statement of facts for non-compliance with Local Rule 56.1. (Doc. 25). That rule requires that such factual assertions "shall include references to the parts of the record that support the statement." (Doc. 25). The plaintiff never filed a brief in opposition to the defendant's motion to strike and the court stuck the plaintiff's statement of material facts on October 28, 2013. (Doc. 30). The plaintiff has failed to file a counter-statement of facts and, therefore, the facts in the defendant's motion are deemed admitted pursuant Local Rule 56.1.[2]

---

[1]Pursuant to Local Rule 7.6, a brief in opposition to a motion for summary judgment is due 21 days after service of the movant's brief.  "Any party who fails to comply with this rule shall be deemed not to oppose such motion." LR 7.6. Although it would be appropriate to grant the defendant's motion as unopposed in light of plaintiff's failure to file a brief in opposition, the court will address the merits of the defendant's motion.

[2]The plaintiff did file a statement of uncontested material facts on September 24, 2013, (Doc. 19), but that filing was deemed an improper filing of his motion for summary judgment. (Docket Annotation, Sept. 24, 2013). The plaintiff then filed a statement of material facts that was stricken on

The plaintiff, Matthew Kinsman, is a former employee of the defendant, OSRAM Sylvania, Inc., who worked there from 1977 until July 31, 2004. The defendant maintained an employee benefit plan governed by ERISA that provided health care benefits for its employees. (Doc. 18, Att. 2). Only participants on whose behalf all applicable administrative fees under the program have been paid are eligible for covered medical services.

The plaintiff initially sued the defendant in the Pennsylvania Court of Common Pleas for Lackawanna County in May 2008. (Id., Att. 9). The complaints are identical, save for an additional three paragraphs in the present complaint. (Doc. 1, Att. 1). The defendant removed the case to this court on June 12, 2008. *Matthew Kinsman v. OSRAM Sylvania, Inc.*, No. 03:08-cv-1129 (M.D. Pa.). The plaintiff notified the court that the parties had reached a settlement in the matter in late October 2008. 3:08-cv-1129, Docket Entry 10. The court issued an order closing the case on November 4, 2008. The order allowed either party to reinstate the action within sixty days "if settlement is not consummated."  3:08-cv-1129, Docket Entry 11.

As part of the settlement, the defendant recalculated the plaintiff's years of service to equal 32 and to include the time period between February 10, 2004 and March 10, 2009. (Doc. 18, Att. 5, p. 25). However, in late February

---

October 28, 2013. (Doc. 30). The court will not consider the improperly filed statement of material facts as the plaintiff, again, failed to properly cite to record evidence.

2009 the plaintiff sent the defendant medical bills incurred between 2005 and 2009. The plaintiff requested that he be reimbursed for these payments. On March 25, 2009, the defendant responded, denying the plaintiff's request for reimbursement because the plaintiff was covered by his wife's insurance as of May 31, 2007. (Doc. 18, Att. 7). The plaintiff's attorney responded to that letter on March 30, 2009 and admitted he ceased participating in the plan as of May 17, 2007, but that his cessation was "involuntary." (Doc 18, Att. 9). He further claimed that the settlement required the defendant to pay his medical bills. (Doc. 18, Att. 8). This case was initially filed on August 22, 2012 and was removed to this court on September 28, 2012. (Doc. 1).

## II.    PROCEDURAL BACKGROUND

Presently before the court are the parties' cross-motions for summary judgment. (Doc. 15, 23). The defendant filed its motion, statement of material facts, and brief in support on September 20, 2013. (Doc. 15, 16, 17). Subsequently, the plaintiff filed a motion for summary judgment, brief in support, and statement of facts four days later. (Doc. 20, 22, 23). The defendant filed a motion to strike the plaintiff's statement of material facts for non-compliance with Local Rule 56.1. (Doc. 24). As the plaintiff failed to file a brief in opposition, the plaintiff's statement of material facts was stricken from the record on October 28, 2013. (Doc. 30).

The plaintiff never filed a brief in opposition to the defendant's motion

for summary judgment or a second statement of material facts in compliance with Local Rule 56.1. The defendant filed its brief in opposition to the plaintiff's motion for summary judgment on November 11, 2013. (Doc. 31). The motions are now ripe for the court's ruling.

## III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences

drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates,* 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman,* 327 F.3d 229, 238 (3d Cir. 2003); see also *Celotex,* 477 U.S. at 325.  If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny,* 139 F.3d 386, 393 (3d Cir. 1998) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.,* 485 F.3d 770, 777 (3d Cir. 2007).

## IV.   DISCUSSION

The defendant first argues that the plaintiff's ERISA claim is barred by the applicable Pennsylvania statute of limitations. The plaintiff did not respond to this argument, but seems to suggest that he is attempting to enforce a settlement agreement that led to the dismissal of a prior action before this court. (Doc. 20); *Kinsman v. Osram Sylvania, Inc.*, 3:08-cv-1129, (Nealon, J.). However, the plaintiff's complaint requests this court to declare "his eligibility under the *terms and conditions* of the Osram Sylvania pension plan," and to order the defendant to pay outstanding medical bills, along with collateral retirement benefits. (Doc. 1, Att. 1)(emphasis added). The plaintiff, in his own filing, further stated that he "has submitted a claim for payment of medical bills in accordance with health care benefits provided by Defendant." (Doc. 5). The court agrees with the defendant that the plaintiff's suit seeks to determine his eligibility under the defendant's benefit plan. As such, the plaintiff's claim is time barred.

To determine the applicable limitations period for benefits claimed pursuant to §502(a)(1)(B) of ERISA, the court must look to the most analogous Pennsylvania statute of limitations. *Syed v. Hercules Inc.*, 214 F.3d 155, 159 (3d Cir. 2000). The *Syed* case came out of Delaware, a state that has two statute of limitations for contract disputes: a three-year statute for general contract disputes, 10 Del.C. §8106, and a one-year statute for actions to recover work benefits pursuant to the Delaware Wage Payment and

Collection statute, 10 Del.C. §8111. *Id.* The Third Circuit held the one-year limitation was applicable to the ERISA claim because such claims are typically considered an action to recover "fringe benefits." *Id.* at 161. Although recognizing the short window it provided to plaintiffs, the court held that the Delaware Wage Payment and Collection Statute was the proper limitations period to apply to an ERISA claim for benefits. *Id.*

Pennsylvania has an analogous Wage Payment and Collection Law that governs actions by employees for wages and benefits. 43 P.S. §260.9a(b). That statute includes "fringe benefits" in its definition of wages. Specifically, the statute notes that it covers "all monetary employer payments to provide benefits under any employee benefit plan, as defined in section 3(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq." 43 P.S. §260.2a. The court is persuaded that given the inclusive language of the Pennsylvania Wage Payment and Collection Law, this ERISA claim is governed by a three-year statute of limitations.[3] *See Summa v. The Procter & Gamble Disability Ben. Plan*, No. 3:04-cv-00102 (M.D.Pa. May 10, 2004)(Koski, J)(applying   43 P.S. §260.2a's three-year statute of limitations to an ERISA claim); *Walker v. Smithkline Beecham & Chemco*, 1997 WL

---

[3]The statute reads, in relevant part: "No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable as provided in sections 3 and 5." 43 P.S. §260.9a.

137331, *6-*7 (E.D.Pa. March 24, 1997)(same).

An ERISA claim for denial of benefits accrues when either the benefits are explicitly denied or when such a denial becomes clearly known to the beneficiary. *Miller v. Fortis Benefits Ins. Co, 475 F.3d 515, 520 (3d Cir. 2007)*. Here, where there is a formal denial of benefits, the claim accrues from when that denial was communicated to the plaintiff. *Id.* at 521. The defendants sent plaintiff's counsel a letter denying benefits on March 25, 2009. The plaintiff's attorney responded to that letter on March 30, 2009. The March 25 letter was received, at the latest, on March 30, 2009. As such, the plaintiff had three years from that date to file his suit. He failed to do so and his case is barred by the three-year statute of limitations. For those reasons, the defendant's motion is granted.[4]

For that same reason, the court will deny the plaintiff's motion for summary judgment. He has not presented the court with any argument or applicable law that would demonstrate this case falls outside the three-year statute of limitations applicable to his ERISA claim.

---

[4]The defendant also raises three other arguments in its brief in support of the motion for summary judgment: (1) that the plaintiff lacks standing as he was not a participant in the plan; (2) that he is seeking reimbursement from the wrong plan; and (3) that his claim is barred by *res judicata* because it was part and parcel to his 2008 claim. (Doc. 17). Although these arguments may have merit, the court need not reach them given its ruling on the statute of limitations.

## V.    CONCLUSION

For the reasons discussed above, the defendant's motion for summary judgment, (Doc. 15), is **GRANTED** and the plaintiff's motion for summary judgment, (Doc. 23), is **DENIED**. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 10, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-1952-01.wpd